Special  1013



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 20, 1939

Honorable J. R. Jones
County Auditor
Wichita Falls, Texas

Dear Sir:

Opinion No. O-300

Re: Maintenance tax to support
county hospital.

We are in receipt of your letter of February 6, 1939,
wherein you ask our opinion in response to the following question:

"Is the Commissioners' Court authorized by
Article 4478 R. S. 1925 or other statutes to levy
and collect taxes for the operation and maintenance
of a county hospital where such hospital has been
established and erected by a majority vote of the qual-
ified property tax payers voting at an election
called for such purpose?"

Article 4478, Revised Statutes, provides in part as fol-
lows:

"The commissioners court of any county shall have
power to establish a county hospital and to enlarge
any existing hospitals for the care and treatment of
persons suffering from any illness, disease or injury,
subject to the provisions of this chapter. At intervals
of not less than twelve months, ten per cent of the
qualified property tax paying voters of a county may peti-
tion such court to provide for the establishing or
enlarging of a county hospital, in which event said
court within the time designated in such petition shall
submit to such voters at a special or regular election
the proposition of issuing bonds in such aggregate
amount as may be designated in said petition for the
establishing or enlarging of such hospital. Whenever
any such proposition shall receive a majority of the
votes of the qualified property tax payers voting at
such election, said commissioners court shall establish
and maintain such hospital and shall have the following
powers:

"3.  To cause to be assessed, levied and collected, such taxes upon the real and personal property owned in the county as it shall deem necessary to provide the funds for the maintenance thereof, and for all other necessary expenditures therefor."

In Seydler v. Border, 115 S. W. (2d) 702, error refused, the above statute was held to be constitutional in authorizing the establishment of a county hospital. As a necessary component part of the right and power to establish the hospital, the right was also given to the commissioners' court to levy taxes for the maintenance thereof. The validity of such provision would doubtless follow the validity of the statute authorizing the construction of the hospital.

Article 8, Section 9, Constitution of Texas, provides that "no county, city or town shall levy more than 25¢ for city or county purposes." And Article 2352, Revised Civil Statutes, follows the same with the provision that "said court (commissioners) shall have the power to levy and collect a tax for county purposes not to exceed 25¢ on the $100.00 valuation.

The levy of a tax for county purposes would include the levy of a tax to maintain the hospital. In that view, therefore, your question is given an affirmative answer.

However, your attention is called to the limit of 25¢ on the $100.00 valuation for county purposes, and we would mention that no tax can be levied for the maintenance of the hospital which would have the effect of swelling the levy for general purposes to exceed the 25¢ limit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N

APPROVED

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS